IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Travis Enmon,                              )
                                           )
                Plaintiff,                 )
                                           )    Civil Action No. 2:25-cv-13413-BHH
v.                                         )
                                           )    **ORDER**
Anne M. Williams, Kawomi Morris,           )
GCPD Officer Aiken,                        )
                                           )
                Defendants.                )
_____  )

This matter is before the Court upon Plaintiff Travis Enmon's ("Plaintiff" or "Enmon")

*pro se* complaint against the above-named Defendants.  (ECF No. 1.)  In accordance with

28 U.S.C. § 636(b) and Local Civil Rule 73.02(B), D.S.C., the matter was referred to a

United States Magistrate Judge for preliminary determinations.

On May 5, 2026, the Magistrate Judge directed Plaintiff to provide the necessary

information and paperwork to bring the case into proper form and warned Plaintiff of the

potential consequences if he failed to provide the necessary information.  (ECF No. 5.)  The

Magistrate Judge also notified Plaintiff of pleading deficiencies and gave Plaintiff the

opportunity to file an amended complaint.  (*Id.*)  On May 22, 2026, the Magistrate Judge's

order was returned marked "return to sender," "not deliverable as addressed," "unable to

forward," and "released."  (ECF No. 9-1.)  Plaintiff has not provided an updated address;

Plaintiff has failed to bring his case into proper form within the time permitted; and Plaintiff

has not filed an amended complaint.

Accordingly, on June 5, 2026, the Magistrate Judge issued a report and

recommendation ("Report"), outlining the issues and recommending that the Court dismiss

this action without prejudice, without leave to amend, and without issuance and service of

process.  (ECF No. 10.)  Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy.  To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).  In the absence of specific objections, the Court reviews the matter only for clear error.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections to the Report have been filed, the Court has reviewed the record and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and fully agrees with the Magistrate Judge's analysis.  **Accordingly, the Court adopts and incorporates the Magistrate Judge's Report (ECF No. 10), and the Court dismisses this action without prejudice, without leave to amend, and without issuance and service of process.**

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

July 14, 2026
Charleston, South Carolina

## NOTICE OF RIGHT TO APPEAL

Plaintiff is notified of the right to appeal this order within the time period set forth under Rules 3 and 4 of the Federal Rules of Appellate Procedure.